**326**

**Maria Cristina SANTIAGO**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare.**

**Civ. No. 680–67.**

United States District Court,
D. Puerto Rico.

June 30, 1970.

Frank Torres, Ponce, P. R., for plaintiff.

Candita R. Orlandi, Asst. U. S. Atty., San Juan, P. R., for defendant.

ORDER and MEMORANDUM
OPINION

FERNANDEZ-BADILLO, District Judge.

This action is once again before the Court in the exercise of its role of judicial review of an administrative decision. The case was previously remanded to the Secretary of Health, Education and Welfare by Order of July 29, 1968 for his reconsideration in the light of the correct legal standard set forth therein. The Court's view at that time was thus stated:

"* * * [I]t cannot be said that the examiner's implicit finding that plaintiff, though disabled to engage in 'protracted sedentary activity', can engage in various lighter activities which combine performance in a sitting or standing position is without substantial support * * *

What is condemned in the present case is the Examiner's insistence in using the word 'objective' to set aside all medical evidence before him which might serve to confirm the disability alleged."

A second hearing was held on July 15, 1969 and additional testimonial and documentary evidence was made a part of the supplemental certified record now before me. Claimant's personal history was substantially set forth in the 1968 order. Her subjective complaints have remained unaltered during this interval. She described her maladies at the remand hearing as "headaches for seven days * * dizzy spells" and pain in the spine which feels "like a burning sensation * * * that takes hold of the back of my neck (Tr. p. 233). She claimed inability to walk normally and without assistance due to weakness of the knees and dizziness. All efforts at work were discarded because according to plaintiff's testimony "all work requires the head and feet

and I can't be sitting too long nor standing too long, and you have to be using your eyes a lot and I cannot work"[1] (Tr. p. 239). Questioned by the Examiner as to her daily life, she answered that she did nothing all day, did not engage in any type of physical exercise and spent most of the time lying down (Tr. p. 240). She admitted that the headaches might be caused by going long periods of time without food and by lack of exercise (Tr. p. 241).

In sum, claimant is strongly convinced that she is completely disabled to perform any work. Apparently she depends wholly upon her family for her livelihood and well-being. However, the medical evidence on record does not bear out plaintiff's subjective complaints and helplessness. An observation made by the undersigned judge in the earlier remand order still holds true:

"The only evidence indicating that this claimant cannot work in a standing position is her own uncorroborated testimony. It is well to bear in mind that the sole medical restriction placed upon her was against prolonged sedentary activity."

The medical reports received at the second hearing amply support this. Plaintiff submitted herself to several consultative examinations. Dr. Jorge Bonilla Colón, an orthopedic surgeon who examined her on November 15, 1968, found that the patient suffered of coccygodynia and described her as a "well developed, well nourished, adult, female of the stated age [34 years old] in no distress" (Tr. p. 248). The neurological examination was normal. X-rays revealed an antiverted coccyx with no evidence of fracture or dislocation. It was his impression that the condition would not improve with surgery or any kind of treatment and concluded that she would not be able to perform gainfully in occupations requiring prolonged sitting in view of her positive findings.

An earlier examination performed upon claimant on June 2, 1966 by Dr. Karl Horn, orthopedic surgeon, also revealed that the coccyx was antiverted, in a horizontal position and freely movable. The neurological examination was normal and the X-rays showed no residual evidence of trauma. He considered her condition to be a coccydinia unrelated to the injury, advised against surgery and recommended the use of a hard chair at all times to eliminate any pressure upon the coccyx. No work restriction was specified by Dr. Horn.

Dr. Jorge W. Mayoral, internist also made a complete physical examination of plaintiff on March 3, 1969, including laboratory and X-ray reports. These studies were negative. The diagnoses reported were (1) no disease of the upper gastrointestinal tract (2) coccydinia. He observed that "the best work fitted to this lady is sales clerk in a department store where most of her activity will be in a standing position" (Tr. p. 256).

A neurological evaluation of this 34 year old claimant was made by Dr. Reinaldo J. Carreras, an internist with subspeciality in neurology. The electroencephalography report was normal. Dr. Carreras reported the following findings:

1) coccigodinia (Sacrum and coccyx very tender to palpation)

2) muscle contraction headaches

3) anxiety reaction

4) no objective evidence of organic central or peripheral nervous system disease.

He commented that claimant was "partially incapacitated by her coccoygeal pain for sitting work [but] * * * able to do light work which does not require sitting for long periods of time" (Tr. p. 262).

The last piece of medical evidence on record is a medical report on visual dis-

---

1. Attempts to secure a job were made in 1964 by registering with the New York Unemployment Insurance and the Puerto Rico Department of Labor where she applied for the same type of work previously done, to wit, as a machine operator in the needle industry.

ability which indicates "full visual capability, no ophtalmic pathology" (Tr. p. 265).

The Court is satisfied that this claimant has had full opportunity to present all aspects of her claim and that it was adjudicated in accordance with correct legal standards. The flaw discovered in the first instance due to the examiner's undue insistence on the need of objective medical evidence has been corrected. Examiner Nathan Wernick, who conducted the remand hearing, specifically stated that:

"The evidence clearly demonstrates that claimant's coccygeal impairment was established not only by medically acceptable clinical and laboratory techniques, but by objective findings as well. There is also little doubt that the condition produces pain on pressure or palpation and, probably is also painful to touch, but there is also no adequately established medical basis (medically acceptable clinical and laboratory diagnostic techniques) for her other complaints; for example, her alleged visual problems in the face of 20/20 vision reported by the ophtalmologist. It does not necessary follow, however, that by reason of the spinal impairment Miss Santiago has been unable to engage in substantial gainful activity. On the contrary, the physicians who examined her, almost unanimously, expressed the opinion that she could engage in work not requiring her to remain seated constantly * * * *"

Reference is made to the vocational expert's testimony at the first hearing where he testified that notwithstanding plaintiff's inability to return to her usual work as industrial machine operator she could perform "light jobs" available, sitting or standing, which did not require much walking or heavy lifting, such as garment clipper, cutting machine operator, candy maker, artificial pearl maker and garment folder.

This detailed account of the particular facts of this case makes it clear that substantial evidence exists to support the Secretary's findings and his ultimate denial of disability benefits. Plaintiff's claim of total physical incapacity to engage in activity which is both gainful and substantial does not go beyond her own assertion. Lacking other means of support and in the face of evidence which shows contrariwise, plaintiff's complaint must be and is hereby dismissed. Consequently, the motion for summary judgment filed by defendant on March 7, 1968 is granted and the decision of the Secretary of Health, Education and Welfare is affirmed. It is so ordered.